JUDGE DANIELS

**14 CV 3372**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JASON OWENS,

                                    Plaintiff,

                - against -

THE CITY OF NEW YORK,
POLICE OFFICER JOHN/JANE DOE(S) #'s 1-4,

                                    Defendants.

------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY ON
ALL ISSUES**

RECEIVED
MAY – 9 2014
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, JASON OWENS, by his attorneys, NASS & ROPER LAW, LLP, complaining

of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff, JASON OWENS, seeks damages to

redress the deprivation, under color of state law, of rights secured to him under the

Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

On or about August 6, 2012, at approximately 8:00 p.m., Plaintiff was walking in or

around East Burnside Avenue in Bronx, New York when he was approached by

Defendants, POLICE OFFICER JOHN/JANE DOE(S) #'s 1-4 and falsely arrested

suffering physical and mental injuries.  It is alleged that Defendants falsely arrested

Plaintiff in violation of his constitutional rights, imprisoned him unlawfully and

subjected him to two unlawful strip searches, and two visual cavity searches.  As a

result of the above listed claims against Defendants, Plaintiff has suffered physical

and mental injuries.

## II. JURISDICTION

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

### III. PARTIES

3.  Plaintiff, JASON OWENS, at all times relevant hereto, resided at 2101 Creston Avenue, in the County of Bronx, City and State of New York.

4.  Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5.  Defendants POLICE OFFICER JOHN/JANE DOE(S) #'s 1-4 were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

6.  At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

### IV.   FACTS

2

7.     On or about August 6, 2012, at approximately 8:00 p.m., Plaintiff, JASON OWENS, was walking near the vicinity of Burnside Avenue in the County of Bronx, City and State of New York.

8.     Plaintiff was stopped by Defendant, POLICE OFFICER JOHN/JANE DOE(S) #'s 1-4, pushed up against the wall and searched. Defendant Officers found a cell phone on Plaintiff and asked where he got it.

9.     Plaintiff, JASON OWENS, told Defendant officers that he purchased the phone from someone a short while ago and he was told that the phone was stolen. then waited by

10.    Defendants forced Plaintiff to wait approximately one (1) hour for someone to come and attempt to identify him.

11.    Plaintiff was then placed in handcuffs and brought to another location outdoors near Devanney Square Park where he would approximately 20 more minutes.

12.    Plaintiff was told that he was not identified by the civilian but was still placed in a police vehicle and driven around for approximately one (1) hour before being brought to the precinct.

13.    When Plaintiff arrived at the precinct, he was cavity strip-searched and brought to an interrogation room for approximately two (2) more hours.

14.    Plaintiff was then placed in a cell for approximately 12 hours before being brought to a room and given another cavity strip-search again.

15.    After approximately one (1) more hour, Plaintiff was given a DAT and released from the precinct.

3

16.     Plaintiff would be forced to make approximately nine (9) court appearances before all charges were dismissed.

17.     That on or around the 31st day of January, 2014, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the names and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

18.     That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
## Pursuant to §1983 (FALSE ARREST)

19.     Paragraphs 1 through 18 of this complaint are hereby re-alleged and incorporated by reference herein.

20.     That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him for approximately eighteen (18) hours.

21.     That in detaining Plaintiff for approximately eighteen (18) hours, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

22.     Upon information and belief, it was the policy and/or custom of Defendants CITY to inadequately supervise and train their officers, staff, agents and employees, thereby

4

failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

23. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendants CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

24. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

25. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

26. By reason of the foregoing, Plaintiff suffered mental and physical injuries, deprivation of liberty and privacy, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

27. Paragraphs 1 through 26 are hereby re-alleged and incorporated by reference herein.

28. That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

29. That Defendants intended to confine Plaintiff.

5

30. That Plaintiff was conscious of the confinement and did not consent to it.

31. That the confinement was not otherwise privileged.

32. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

33. That by reason of the foregoing, Plaintiff suffered mental and physical injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (ILLEGAL STRIP SEARCH)

34. Paragraphs 1 through 33 are hereby re-alleged and incorporated by reference herein.

35. That Defendants gave Plaintiff, JASON OWENS, two (2) cavity strip searches absent a requisite reasonable suspicion that JASON OWENS was concealing weapons and/or contraband.

36. That Defendants had no legally sufficient cause to strip search JASON OWENS, and that by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of JASON OWENS'S rights, subjected JASON OWENS to an illegal strip search, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

### VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (ILLEGAL STRIP SEARCH)

37. Paragraphs 1 through 36 are hereby re-alleged and incorporated by reference herein.

38. That Defendants gave Plaintiff, JASON OWENS, two cavity strip searches absent a
requisite reasonable suspicion that JASON OWENS was concealing weapons and/or
contraband.

39. That Defendants had no legally sufficient cause to strip search JASON OWENS, and
that by reason of Defendants acts and omissions, Defendants acting under color of
State law and within the scope of their authority, in gross and wanton disregard of
JASON OWENS'S rights, subjected JASON OWENS to an illegal strip search, in
violation of his rights pursuant to the Fourth and Fourteenth Amendments of the
United States Constitution.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to §1983 (MALICIOUS PROSECUTION)

40. Paragraphs 1 through 39 are hereby re-alleged and incorporated by reference herein.

41. That Defendants, with malicious intent, arrested Plaintiff and initiated a criminal
proceeding despite the knowledge that Plaintiff had committed no crime and he was
held in custody for approximately six (6) days.

42. That the criminal matter against Plaintiff was terminated in his favor and the court
dismissed the case by motion of the District Attorney in March of 2014.

43. That there was no probable cause for the arrest and criminal proceeding and
Defendant Police Officers failed to even testify before the Grand Jury in this case
even though they initially charged him with a felony.

44. That by reason of Defendants' acts and omissions, Defendants, acting under the color
of state law and within the scope of their authority, in gross and wanton disregard of
Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted

7

him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

45.   That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

46.   That upon information and belief it was the policy and /or custom of Defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

47.   That as a result of the above described policies and customs, Defendant CITY, its staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

48.   That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

49.   That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

50.   That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic

damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## X. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

51. Paragraphs 1 through 50 are hereby re-alleged and incorporated by reference herein.

52. That Defendants acted with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

53. That the criminal matter has been dismissed in Plaintiff's favor.

54. That there was no probable cause for the arrest and criminal proceeding.

55. Defendants knew or should have known that there was no likelihood of a conviction of Plaintiff.

56. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

57. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI. EIGHTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

58. Paragraphs 1 through 57 are hereby re-alleged and incorporated by reference herein.

59. That at all times, all Defendants were acting within the scope of their employment.

9

60. That Defendant CITY was able to exercise control over Defendant Officers' activities.

61. That Defendant CITY is liable for Defendant Officers' actions under the doctrine of respondeat superior.

62. By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from July 28, 2012; and

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
May 8, 2014

10

Yours, etc.

JUSTIN M. ROPER, ESQ.
*ATTORNEY FOR PLAINTIFF*
NASS & ROPER LAW, LLP
14 PENN PLAZA, SUITE 2004
NEW YORK, NEW YORK 10122

11

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, JASON OWENS. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:      New York, New York
            May 8, 2014

                                        _____
                                        JUSTIN M. ROPER, ESQ.

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON OWENS,

                                        Plaintiff,

– against –

CITY OF NEW YORK,
POLICE OFFICER JOHN DOE(S) #'s 1-4,

                                        Defendants.

## SUMMONS & VERIFIED COMPLAINT

**NASS & ROPER LAW, LLP**
*Attorneys for Plaintiff*
**JASON OWENS**
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246*

---

* Not for service of papers.